\\

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ROBERT RICKETTS** : | CIVIL NO. |
| : | |
| **PLAINTIFFS,** : | |
| vs. : | |
| : | |
| **WESTWOOD CONDO ASSOC.,** : | |
| **FRANCIS OGORMAN** : | |
| **JONATHAN CHAPEL** : | |
| **ERIC JUDGE** : | |
| **MICHELLE ANDERSON** | |
| **XIOMARA PAGAN** | |
| **JUDY CARR** | |
| **FELDMAN, PERLSTEIN, AND GREENE, LLC** | |

<u>         **DEFENDANTS**</u>
<u>         </u>

<u>COMPLAINT</u>

**VENUE AND JURISDICTION**

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, 42 U.S.C. § 1983,*et seq.*, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and Sections 46a-60(a)(1), *et seq.,* of the Connecticut General Statutes, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendants conspired against the plaintiff to interfere with his parental rights.

2. Jurisdiction of this court is invoked under the provisions of Sections 12101 of

Title 126 and Section 2000e of Title 42 of the United States Code and 42 U.S.C. § **1983**.

3. Venue in the District of Connecticut is proper in accordance with 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

4. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1332, and under 42 U.S.C. § 1988, 42 U.S.C. § 1983, 42 U.S.C. § 1982, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

**PARTIES**

5. At all times herein, the plaintiff was an adult resident of West Hartford, CT.

6. At all times mentioned herein Westwood Condo Association Inc. was a Connecticut Corporation purporting to maintain the Westwood Condominiums.

7. At all times mentioned herein Frank O'gorman was an adult resident of the Town of West Hartford, CT and a member of the Westwood Condo Association.

8. At all times mentioned herein Eric Judge was an adult resident of the Town of West Hartford, CT and a member of the Westwood Condo Association.

9. At all times mentioned herein Michelle Anderson was an adult resident of the Town of West Hartford, CT and a member of the Westwood Condo Association.

10. At all times mentioned herein Xiomara Pagan was an adult resident of the Town of West Hartford, CT and a member of the Westwood Condo Association.

11. At all times mentioned herein Judy Carr was an adult resident of the Town of West Hartford, CT and a member of the Westwood Condo Association.

12. At all times mentioned herein Rossanna Bustamante was an adult resident of the Town of West Hartford, CT and an employee of Westford Real Estate Management.

13. At all times mentioned herein Feldman, Perlstein, and Greene, LLC was a limited liability corporation operating as a law firm in Farmington

14. At all times mentioned herein Omeara Keller Williams, LLC was a Connecticut Corporation doing business in West Hartford.

15. At all times mentioned herein Jonathan Chappell was an adult male employed as an associate at Feldman, Perlstein, and Greene, LLC.

16. At all times mentioned herein, Caron Building and Remodeling, LLC was a Connecticut corporation performing home improvement functions.

17. At all times mentioned herein Daryl Caron was an adult male residing in Vernon,employed at Caron Building, and a licensed contractor for over 30 years.

18. On or about October 19, 2019, the plaintiff purchased a condominium located at 100 Kane Street, D4 in West Hartford in cash free and clear of a mortgage.

19. At all times mentioned herein Frank O'Gorman purported to be the president of the Condominium Association.

20. At all times mentioned herein Elite Property Management, LLC was a Connecticut Corporation engaged in property management.

21. At all times mentioned herein Westford Property Management, LLC was a Connecticut Corporation engaged in property management.

## FACTS

22. At the time of the sale of the condominium, no condominium documents were delivered, despite repeated requests.

23. At the time of the establishment of the condo fees at issue, the defendant Westwood knowingly and wilfully hid the fact that the building's residents were exposed to dangerous levels of carbon monoxide.

24. At the time of the sale and establishment of the fees, the defendant Westwood misrepresented to the defendant that the building was in good repair and safe.

25. The plaintiff acted in reliance on the defendant Westwood's misrepresentations.

26. At the time of the sale of the condominium, no rules and regulations were delivered despite repeated requests.

27. On the day of the sale of the condominium, the unit's roof was found to be in poor condition with a severe leak.

28. The Defendant Westwood's Condo declarations make clear and unequivocal that roof repairs are the responsibility of the Condo Association.

29. The plaintiff immediately notified the condominium association and requested their assistance in making the repairs to the roof.

30. The plaintiff immediately notified Elite Property Management and requested their assistance in making the repairs to the roof.

31. The representative for Omeara Keller Williams immediately notified the Condo association and requested their assistance and making repairs to the roof.

32. The representative for Omeara Keller Williams immediately notified the Elite Property Management and requested their assistance and making repairs to the roof.

33. The condo association failed, and continues to fail, to act leading to the destruction of property , water damage to the unit, loss of rents, and the spreading of black mold.

34. On or about June 1, 2021, the ceiling fell in at the premises.

35. On or about August 10, 2021, Daryl Caron came to premises to conduct an inspection.

36. On said date, Daryl Caron found black mold, a poorly maintained roof, water stains on the ceilings, poor exterior drainage amongst other things.

37. In January 2021, the plaintiff appeared before the board to complain of these things in person.

38. The Westwood Condo association failed, and continues to fail, to address these issues.

39. On or about March 1, 2021, the West Hartford Building inspector informed the plaintiff that he was unable to rent his home with water damage, roofing, and mold issues.

40. On or about February 1, 2020, the plaintiffs carbon monoxide detectors began to go off causing the fire department to be alerted.

41. The plaintiff was caused to leave the Unit.

42. On or about December 25, 2021, the carbon monoxide detectors again went off in the unit, causing the fire department to return.

43. The plaintiff was again caused to leave the Unit.

44. On or about said date, the plaintiff witnessed defendant Ogorman lie to the West Hartford fire Department and tell them that the Carbon monoxide was caused by the wire place in one of the building's units.

45. On or about July 15, 2022, the carbon monoxide detectors again went off in the unit, causing the fire department to return.

46. The plaintiff was again caused to leave his home.

47. On or about July 15, 2022, the fire department informed the building residents that the carbon monoxide leak was the result of a long known failing boiler that needed to be replaced.

48. On or about July 15, 2022, the fire department informed the building residents that the defendant Westwood Condo Association knew of the Carbon Monoxide leak from the failing boiler but did not have the twenty-thousand dollars required to fix the leak.

49. On or about July 15, 2022, the fire department informed the building residents that they had been repeatedly exposed to Carbon Monoxide.

50. To date, the condo association has failed to inform the residents that they have been chronically exposed to Carbon Monoxide.

51. Article One of the Condo Association Declarations make the Condo Association Sole responsible for the aforementioned repairs.
52. That on or about June 1, 2021, the plaintiff notified the defendants that he was not living in the unit because of its condition.
53. On or about June 1, 2021, Defendant OGorman told the plaintiff that the association had no intention of fixing the unit and would instead hide behind the Connecticut Condo Act.

54. On or about November 1, 2021, defendant Defendant Chapell told the plaintiff that the association had no intention of fixing the unit and would instead abuse the Connecticut Condo Act. to foreclose and exhaust the plaintiff's equity.
55. On or about November 1, 2021, defendant Westwood Condo Association instituted a foreclosure action.
56. On or about April 1, 2022, defendant Westwood Condo Association began to send time sensitive notices to an address where it knew the plaintiff did not live or receive mail and began to assess me fines for noncompliance with notices that I did not receive.

### **PLAINTIFFS CAUSES OF ACTION**

### **COUNT ONE VIOLATION OF 42 U.S. Code § 1985 AS TO THE WESTWOOD CONDO ASSOCIATION**

57. Paragraphs 1-42 inclusive of the foregoing are hereby incorporated as if recited in full herein.

58. The defendants were aware of all the problems with the unit and their responsibility to fix them and failed to do so.

59. As a result of the defendant's failures, Ricketts has suffered economic and physical damages.

### **COUNT TWO AS TO WEST WOOD CONDO ASSOCIATION UNFAIR TRADE PRACTICES ACT**

60. Paragraphs 1-45 inclusive of the foregoing are hereby incorporated as if recited in full herein.

61. The Condo association in January 2021 made clear that they had no intent of making the repairs as required by the Condo declarations, but would instead attempt to seize the premises from the plaintiff.

62. The Condo association intentionally concealed the fact that residents were exposed to harmful levels of carbon monoxide.

63. As a result, the plaintiff has suffered economic and physical harm.

### **COUNT THREE VIOLATION OF 42 U.S. Code § 1985 AS TO FRANCIS O'GORMAN**

64. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

65. O'Gorman was personally aware of the damage to the unit and failed to do anything.

66. O'Gorman was personally aware of the long term exposure the carbon monoxide and failed to do anything.

67. As a result of OGorman's negligence, the plaintiff has suffered economic and physical damages.

**COUNT FOUR VIOLATION OF 42 U.S. Code § 1985 AS TO JUDY CARR**

68. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

69. Judith Carr was personally aware of the damage to the unit and failed to do anything.

70. Judith Carr was personally aware of the long term exposure to carbon monoxide and failed to do anything

71. As a result of Carr's negligence, the plaintiff has suffered economic and physical damages.

**COUNT FIVE VIOLATION OF 42 U.S. Code § 1985 AS TO ERIC JUDGE**

72. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

73. Eric Judge was personally aware of the damage to the unit and failed to do anything.

74. Eric Judge was personally aware of the long term exposure the carbon monoxide and failed to do anything.

75. As a result of Judge's negligence, the plaintiff has suffered economic and physical damages.

**COUNT SIX VIOLATION OF 42 U.S. Code § 1985 AS TO MICHELLE ANDERSON IN HER INDIVIDUAL CAPACITY**

76. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

77. Michelle Anderson was personally aware of the damage to the unit and failed to do anything.

78. Michelle Anderson was personally aware of the long term exposure the carbon monoxide and failed to do anything.

79. As a result of Anderson's negligence, the plaintiff has suffered economic and physical damages.

80. **COUNT SEVEN VIOLATION OF 42 U.S. Code § 1985 AS TO XIOMARA PAGAN**

81. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

82. Pagan was personally aware of the damage to the unit and failed to do anything.

83. Pagan was personally aware of the long term exposure the carbon monoxide and failed to do anything.

84. As a result of Pagan's negligence, the plaintiff has suffered economic and physical damages.

85. **COUNT SEVEN VIOLATION OF 42 U.S. Code § 1985 AS TO ROSANNA BUSTAMANTE**

86. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

87. Bustamante was personally aware of the damage to the unit and failed to do anything.

88. Bustamante was personally aware of the long term exposure the carbon monoxide and failed to do anything.

89. As a result of Bustamante's negligence, the plaintiff has suffered economic and physical damages.

**COUNT EIGHT NEGLIGENCE AS TO THE WESTWOOD CONDO ASSOCIATION**

90. Paragraphs 1-42 inclusive of the foregoing are hereby incorporated as if recited in full herein.

91. The defendants were aware of all the problems with the unit and their responsibility to fix them and failed to do so.

92. As a result of the defendant's failures, Ricketts has suffered economic and physical damages.

### COUNT NINE NEGLIGENCE AS TO FRANK O'GORMAN

93. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

94. O'Gorman was personally aware of the damage to the unit and failed to do anything.

95. O'Gorman was personally aware of the long term exposure the carbon monoxide and failed to do anything.

96. As a result of OGorman's negligence, the plaintiff has suffered economic and physical damages.

### COUNT FIVE NEGLIGENCE AS TO JUDY CARR

97. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

98. Judith Carr was personally aware of the damage to the unit and failed to do anything.

99. Judith Carr was personally aware of the long term exposure to carbon monoxide and failed to do anything

100. As a result of Carr's negligence, the plaintiff has suffered economic and physical damages.

### COUNT TEN  NEGLIGENCE AS TO ERIC JUDGE

101. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

102. Eric Judge was personally aware of the damage to the unit and failed to do anything.

103. Eric Judge was personally aware of the long term exposure the carbon monoxide and failed to do anything.

104. As a result of Judge's negligence, the plaintiff has suffered economic and physical damages.

### COUNT ELEVEN NEGLIGENCE AS TO MICHELLE ANDERSON IN HER INDIVIDUAL CAPACITY

105. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

106. Michelle Anderson was personally aware of the damage to the unit and failed to do anything.

107. Michelle Anderson was personally aware of the long term exposure the carbon monoxide and failed to do anything.

108. As a result of Anderson's negligence, the plaintiff has suffered economic and physical damages.

109. **COUNT TWELVE NEGLIGENCE AS TO XIOMARA PAGAN IN HER INDIVIDUAL CAPACITY**

110. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

111. Pagan was personally aware of the damage to the unit and failed to do anything.

112. Pagan was personally aware of the long term exposure the carbon monoxide and failed to do anything.

113. As a result of Pagan's negligence, the plaintiff has suffered economic and physical damages.

### COUNT THIRTEEN  NEGLIGENCE AS TO ROSANNA BUSTAMANTE IN HER INDIVIDUAL CAPACITY

114.   Paragraphs 1-49  inclusive of the foregoing are hereby incorporated as if recited in full herein.

115.   Bustamante  was personally aware of the damage to the unit and failed to do anything.

116.   Bustamante  was personally aware of the long term exposure the carbon monoxide and failed to do anything.

117.   As a result of Bustamante's negligence, the plaintiff has suffered economic and physical damages.

### COUNT FOURTEEN NEGLIGENCE AS TO WESTFORD REAL ESTATE MANAGEMENT (RESPONDEAT SUPERIOR)

118.   Paragraphs 1-75 inclusive of the foregoing are hereby incorporated as if recited in full herein.

119.   At all times mentioned herein Rosanna Bustamante was an employee of Westford Real Estate Management acting in the course of her duties as an employee.

120.   As a result of Bustamantes actions, and ultimately Westford, the Counter Claimant has suffered physical and economic losses.

### COUNT FIFTEEN BREACH OF CONTRACT AS TO WESTWOOD CONDO ASSOCIATION

121.   Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.
122.   Westwood Condo association failed to meet there obligations under the Condo declarations.

123.   As a result of Westwood's breach, the plaintiff has suffered economic and physical damages.

### COUNT SIXTEEN BREACH OF CONTRACT AS TO WESTWOOD CONDO ASSOCIATION

124. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

125. Westwood Condo association failed to meet its obligations under the Condo declarations.

126. As a result of Westwood's breach, the plaintiff has suffered economic and physical damages.

### COUNT SEVENTEEN BREACH OF FIDUCIARY DUTY AS TO WESTWOOD CONDO ASSOCIATION

127. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

128. Westwood Condo association failed to meet its obligations under the Condo declarations.

129. As a result of Westwood's breach, the plaintiff has suffered economic and physical damages.

### COUNT EIGHTEEN  BREACH OF FIDUCIARY DUTY AS TO FRANK OGORMAN

130. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

131. Westwood Condo association failed to meet its obligations under the Condo declarations.

132. Frank OGorman is and was member of the Westwood Condo Association.

133. Frank OGorman failed to meet his obligation under the Condo Association's declarations.

134. As a result of his breach the plaintiff has suffered economic damages.

### COUNT NINETEEN  BREACH OF FIDUCIARY DUTY AS TO ERIC JUDD

135. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

136. Westwood Condo association failed to meet its obligations under the Condo declarations.

137. Eric Judd is and was member of the Westwood Condo Association.

138. Eric Judd failed to meet his obligation under the Condo Association's declarations.

139. As a result of his breach the plaintiff has suffered economic damages.

### COUNT TWENTY BREACH OF FIDUCIARY DUTY AS TO JUDY CARR

**140.** Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

141. Westwood Condo association failed to meet its obligations under the Condo declarations.

142. Judy Carr is and was member of the Westwood Condo Association.

143. Judy Carr failed to meet his obligation under the Condo Association's declarations.

144. As a result of her breach the plaintiff has suffered economic damages.

### COUNT TWENTY-ONE  BREACH OF FIDUCIARY DUTY AS TO MICHELLE ANDERSON

**145.** Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

**146.** Westwood Condo association failed to meet its obligations under the Condo declarations.

147. Michelle Anderson failed to meet her obligation under the Condo Association's declarations.

148. As a result of her breach the plaintiff has suffered economic damages.

### COUNT TWENTY-TWO  BREACH OF FIDUCIARY DUTY AS TO XIOMARA PAGAN

149. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

150. Westwood Condo association failed to meet its obligations under the Condo declarations.

151. Xiomara Pagan failed to meet his obligation under the Condo Association's declarations.

152. As a result of her breach the plaintiff has suffered economic damages.

**COUNT TWENTY-THREE VIOLATION OF 42 U.S. Code § 1985 AS TO JONATHAN CHAPPELL**

153. Paragraphs 1-49 inclusive of the foregoing are hereby incorporated as if recited in full herein.

154. On or about May 1, 2020, defendant Chappell told the plaintiff that Westwood Condo Association had no intent to fix the water damage to his unit, would abuse the Connecticut Condo Act to usurp the equity in the property, would create false monetary, and that he would work with them to do the same.

155. On or about May 24, 2022 defendant Chappell made knowingly false statements to the Court.

156. From May 22, 2022 until July 30, 2023, defendant Chappell knowingly made filings containing false statements with the Court.

157. That defendant Chappell intentionally made falsified statements and conspired with the defendant Westwood Condo Association to conceal the fact that residents were exposed to dangerous levels of carbon monoxide.

158. As a result of Chappell's interference, the plaintiff has suffered economic losses.

**COUNT TWENTY-FOUR  42 U.S. Code § 1985 AS TO FELDMAN, PERLSTEIN, GREENE, LLC**

159. Paragraphs 1-118 inclusive of the foregoing are hereby incorporated as if recited in full herein

160. At all times mentioned herein Attorney Chapell was operating as a sub-partner associate of Feldman, Perlstein, Green, LLC.

161. As a result of Chappell's interference on Feldman, Perlstein, Greene's behalf, the counter claimant has suffered economic damages.

Wherefore, the defendant Counter claims,

WHEREFORE, the plaintiffs claim:

(a) Monetary Damages

(b) Punitive damages;

(c) Exemplary damages; and

(d) Such other relief as this Court shall deem just and equitable.

THE PLAINTIFFS,

By/s/Robert Ricketts

Robert Ricketts, Esq.

Law Offices of Robert A. Ricketts, LLC.

1 Congress St. Suite 206

Hartford, CT 06114

rob@rickettslegal.com

860-495-3529