\\

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ROBERT RICKETTS** : | **CIVIL NO.** |
| : | |
| **PLAINTIFFS,** : | |
| vs. : | |
| : | |
| **WESTWOOD CONDO ASSOC.,** : | |
| **FRANCIS OGORMAN** : | |
| **JONATHAN CHAPEL** : | |
| **ERIC JUDGE** : | |
| **MICHELLE ANDERSON** : | |
| **XIOMARA PAGAN** | |
| **JUDY CARR** | |
| **FELDMAN, PERLSTEIN, AND** | |
| **GREENE, LLC** | |

<u>       **DEFENDANTS**</u>


<u>**PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY**</u>

To the United States District Court for the District of Connecticut:

Pursuant to Rule 64 of the Federal Rule of Civil Procedure, Local Rule 4(c) of the Local Civil Rules of this Court and Section 52-278a, et seq. of the Connecticut General Statutes, Plaintiff, Robert Ricketts ("Ricketts" or "Plaintiff"), respectfully submits this Application for Prejudgment Remedy against Defendants, Westwood Condominium Association ("Brothers") and its President and its counsel ("Chapell"), and in support thereof, represents as follows:

1. A prejudgment remedy, available to this Court through Federal Rule of Civil

Procedure 64, is "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment ...." Conn. Gen. Stat. § 52-278a(d); see, e.g., Benton v. Simpson, 78 Conn.App. 746,751-52 (2003) (prejudgment remedy permits a plaintiff "to have property of the defendant held in the custody of the law pending adjudication of the merits of [the] action") (citations and internal quotations omitted). Its sole purpose is "to secure the satisfaction of a judgment should the plaintiff prevail." Lafarge Building Materials, Inc. v. A. Aiudi & Sons, LLC, 3:15 CV 1203(JBA)(JGM), 2015 WL 6551796, at *4 (D. Conn. Oct. 29, 2015) (citation and internal quotations omitted); see Roberts v. TriPlanet Partners, LLC, 950 F.Supp.2d 418, 420 (D. Conn. 2013) (same).

2. To grant an application for prejudgment remedy, this Court needs to find "probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff." TES Franchising, LLC v. Feldman, 286 Conn. 132, 137 (2008) (citations and internal quotations omitted). Probable cause is defined as "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a [person] of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Id., 286 Conn. at 137 (citation and internal quotations omitted); see, e.g., Roberts, 950 F.Supp.2d at 421 (same); Qualitative Reasoning Systems, Inc. v. Computer Sciences Corp., No. 3:98-cv-554 (AWT), 2000 WL 852127, at *10 (D. Conn. Mar. 31, 2000) (same). Probable cause is a "flexible common sense standard" that does not require that "a belief be correct or more likely true than false," TES Franchising, 286 Conn. at 137 (citation

and internal quotations omitted), and "is less demanding than ... a preponderance of the evidence or even a likelihood of success." Cendant Corp. v. Shelton, No. 3:06-cv-854 (JCH), 2007 WL 1245310, at *3 (D. Conn. April 30, 2007) (citation omitted); Lafarge, 2015 WL 6551796, at *4 (same); SEI Fuel Services, Inc. v. A&J Gas and Convenience, LLC, No. 3:18-cv-1553 (AWT)(RAR), 2019 WL 6828431, at *2 (D. Conn. Dec.13, 2019) (similar). In keeping with this modest showing, the plaintiff "does not have to prove its case ..., but [only] ... that there is probable cause to sustain the validity of the claim." Walpole Woodworkers, Inc. v. Atlas Fencing, Inc., 218 F.Supp.2d 247, 249 (D. Conn. 2002) (citation omitted).

3. By its August 7, 2023 Verified Complaint [ECF no. 1] (the "Complaint"), R. Ricketts commenced this action asserting, inter alia, (i) violations of 42 U.S. Code § 1985 leading to financial damages(ii) and exposure to toxic levels of carbon monoxide. See Complaint, ¶¶1-56.

4. On about October 19, 2019, the plaintiff purchased a condominium in a complex managed by defendant Westwood Condo Association.

5. On the day of the purchase, the plaintiff noticed that the roof of the condo was leaking and immediately notified defendant Westwood Condo Association. The defendant Westwood CondoAssociation is solely responsible for maintaining the roof, furnace, and other common areas of the premises. **PLEASE SEE EXHIBIT1**

6. Despite numerous requests by the defendant and his realtor, Westwood Condo Association refused to make repairs to the unit, eventually causing the unit to become uninhabitable due to water damage and black mold. As a result of the defendant's refusal

to make repairs, the plaintiff has conservatively suffered economic damages in excess of two thousand dollars per month since October of 2019 in the amount of $68,000. This amount represents the rental price of the unit for the 34 months that the unit remained in disrepair.

7. On or about January 20, 2021, the plaintiff appeared before the defendant Westwood Condo Association to again request that they make the repairs to his unit. The defendant again refused to take action. On or about April 1, 2021, the plaintiff's ceiling fell in due to the poor condition of the roof. The plaintiff again complained to the Defendant Westwood Condo Association. Again the defendant's refused to make the required improvements. At said time the plaintiff was no longer able to maintain payments to the Condo Association as he had to find lodging elsewhere. In response, the defendants informed him that it would not make any repairs and would use the Common Interest Ownership Act to foreclose and take the property from the plaintiff.

8. On or about November 1, 2021, the defendant instituted foreclosure proceedings to take the subject premises from the plaintiff, despite providing no services. This matter is still pending. On or about May 1, 2022, the defendant Jonathan Chapell, counsel for the defendant, informed the plaintiff that the defendants had no intention of fixing the unit, but instead that he and defendant Westwood Condos intended to drain the equity from the unit because the plaintiff owned the unit outright and not subject to a mortgage.

9. To date, the defendants allege that the plaintiff owes 14,000 in condo fees and 29,000 in legal fees. **Please See Attached EXHIBIT 2**

10. On or about August 1, 2022, the defendants began to send condo association notices to an address where they knew the defendant would not receive them. The defendants then began to assess false fees to the plaintiff in an attempt to exhaust his equity and deprive the defendant of his property.

11. On the same premises, there are several identical buildings with identical units that serve as apartment buildings. A unit owned by the plaintiff rents for approximately two thousand dollars per month. Please see attached **PLEASE SEE EXHIBIT 3.**

12. On more than 5 occasions, including once on Christmas Eve, the plaintiff was caused to leave his home by the West Hartford Fire Department due to unsafe levels of Carbon Monoxide. On one occasion, the plaintiff witnessed defendant Francis O'Gorman mislead the fire department by telling them the high levels were the result of a resident using a fireplace. On July 22, 2022, the residents were again asked to vacate their homes. On this occasion, the building manager told the fire department that the defendants were aware that the carbon monoxide was leaking from a faulty furnace that the defendant Westwood Condominium Association were aware of for the preceding three years. To date, the defendants have done nothing to notify the plaintiff or the other tenants of the exposure to carbon monoxide.

13. On or about March 3, 2023, the plaintiff daughter was diagnosed with pancreatic failure. A known side effect of long term exposure to carbon monoxide.

14. On or about June 8, 2023, the instant premises went under contract for sale. On or about the July 2, 2023 defendant Chappell made claims that he was entitled to

approximately thirty-five thousand dollars in legal fees for his representation of the defendant. Defendant Chapell also stated that he would not agree for the proceeds of the pending sale to be held in escrow until resolution of this matter, absent a court order.

15. The defendant Westwood Condo Association is not entitled to Attorney's fees as they have not approached any Court with clean hands.

16. "Connecticut jurisprudence has recognized that those seeking equitable redress in Connecticut courts must come with clean hands. The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue. For a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with clean hands. The clean hands doctrine is applied not for the protection of the parties but for the protection of the court. It is applied for the advancement of right and justice. The party seeking to invoke the clean hands doctrine to bar equitable relief must show that his opponent engaged in wilful misconduct with regard to the matter in litigation. The trial court enjoys broad discretion in determining whether the promotion of public policy and the preservation of the courts' integrity dictate that the clean hands doctrine be invoked". Bank of America, N.A. v. Aubut, 167 Conn. App. 347, 350, 143 A.3d 638 (2016) "The doctrine generally applies [only] to the particular transaction under consideration, for the court will not go outside the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing. The wrong must . . . be in regard to the matter in litigation . . ." Northeast Double Disc Grind, LLC v. Pietrowicz, Docket No. CV126018053S, 2014 Conn. Super. LEXIS 998, at *9 (Super. Apr. 22, 2014)

16. The defendants here have unclean hands and are consequently not entitled to the equitable relief of Attorney's fees.

17. On numerous occasions, the defendant Westwood Condo Association has complained about its financial hardships. Moreover, at no point in this matter has the defendant opened a claim with its insurer. This presents question as to whether the the defendant has the money to cover the instant debt and whether there will be coverage for its failure to notify its insurer in a timely fashion.

18. Based on the facts presented in the Verified Complaint and the Affidavit of Robert Ricketts, there is probable cause that a judgment will be rendered in this matter against either Defendant in an amount equal to or greater than the prejudgment remedy sought, taking into account any known defenses, counterclaims, or set-offs.

19. Accordingly, based on the foregoing and in order to secure a future judgment in its favor, Robert Ricketts seeks an Order from this Court directing that a prejudgment remedy be granted to secure the sum of $46,000 from the sale of the subject property and that the same be held in escrow by Attorney Kevin Joiner or the clerk of the Court until said time as this Honorable Court is able to fully adjudicate this matter. The plaintiff asks for an additional $100, 000 to be secured from the defendants to address the damages caused by the long term exposure to carbon monoxide. **see exhibit 4**

WHEREFORE, for the reasons stated herein, as well as the other referenced submissions and all other evidence considered by the Court, Plaintiff respectfully requests that the Court grant this Application in its entirety.

        THE PLAINTIFFS,

        <u>By/s/Robert Ricketts</u>

        Robert Ricketts, Esq.

        Law Offices of Robert A. Ricketts, LLC.

        1 Congress St. Suite 206

        Hartford, CT 06114

        rob@rickettslegal.com

        860-495-3529

## **CERTIFICATE OF SERVICE**

I hereby certify that onAugust 9, 2023, a copy of the foregoing Application, together with supporting Affidavit and referenced exhibits, proposed Orders and Notice of Rights were filed electronically. Parties may access this filing through the Court's CM/ECF System. Notice of this filing will be sent by U.S. mail, postage prepaid, to the addresses below:

FELDMAN PERLSTEIN & GREENE LLC (425389)
10 WATERSIDE DRIVE
SUITE 303
FARMINGTON, CT 06032